IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILIO ESTRADA, # B55375, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00600-MJR |
| | ) |
| DR. NWAOBASI, and, | ) |
| A. MALPANI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Emilio Estrada, an inmate currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the medical care he received while housed at Menard Correctional Center. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff alleges that he injured his back in July 2009. Plaintiff submitted numerous sick call slips to nurses, but they offered him nothing for his pain, which was radiating down his left leg. In October 2009, Plaintiff was seen by Defendant Dr. Nwaobasi. Dr. Nwaobasi believed Plaintiff was "faking" and did not actually examine Plaintiff, nor did he prescribe anything for Plaintiff's pain. Plaintiff saw Defendant Dr. A. Malpani a few weeks later. Dr. Malpani told Plaintiff that his continued pain was caused by muscle spasms. Plaintiff continued to endure back pain until July 2011, when he was transferred from Menard to Pinckneyville.

Apparently, at some time in 2009, Plaintiff's back had been x-rayed. When Plaintiff complained of back pain in May 2012, doctors at Pinckneyville x-rayed Plaintiff's back

and noted disc degeneration since the 2009 studies. Plaintiff attributes the degeneration and his ongoing pain to the deliberate indifference of Dr. Nwaobasi and Dr. Malpani.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Deliberate indifference to Plaintiff's back injury and pain by Dr. Nwaobasi, in violation of the Eighth Amendment; and**
>
> **Count 2: Deliberate indifference to Plaintiff's back injury and pain by Dr. Malpani, in violation of the Eighth Amendment.**

**Discussion**

The Court finds that Plaintiff Estrada has stated colorable Eighth Amendment claims against Dr. Nwaobasi and Dr. Malpani. *See Devbrow v. Kalu*, 705 F.3d 765 (7th Cir. 2013) (inmate complains about pain for months, suspecting a hernia, but jail officials do not offer treatment; when Plaintiff is eventually diagnosed with a ruptured hernia and sues for deliberate indifference, the district court dismisses the case at the threshold based on the two-year statute of limitations; appellate court reverses, finding a continuing violation, lasting as long as the defendant jail officials had the power to do something).

Counts 1 and 2 shall proceed.

**Pending Motion**

Plaintiff moves for service of process at government expense (Doc. 3). Plaintiff has been granted pauper status (*see* Doc. 5); therefore, service will be effected at government expense pursuant to 28 U.S.C. § 1915(d). Consequently, Plaintiff's motion (Doc. 3) will be granted.

**Disposition**

For the reasons stated, **COUNTS 1** and **2** shall **PROCEED**.

**IT IS HEREBY ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **DR. NWAOBASI** and **DR. A. MALPANI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 15, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**